IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TED DIAMANTOPOULOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 CV 2522 |
| v. | ) |
| | ) Honorable William J. Hibbler |
| AMERICAN FAMILY MUTUAL | ) |
| INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ted Diamantopoulos brings this lawsuit against his former car insurance provider, American Family Mutual Insurance Co., alleging that American Family committed breach of contract by failing to pay a claim related to injuries Diamantopoulos sustained in a car accident. Diamantopoulos also alleges that Defendant's failure to pay was vexatious and unreasonable in violation of the Illinois Insurance Code, 215 ILCS 5/155. Defendant moves for summary judgment on all of Diamantopoulos's claims.

I. **Factual Background**

On December 19, 2008, Diamantopoulos was injured in a car accident. (Def. Rule 56.1(a)(3) Statement (hereinafter "Def. St." ¶ 2.) He was driving west bound on I-90 towards Elgin when another driver, named Alexander Romanowski, lost control of his car and suddenly swerved into Diamantopoulos's lane. (Def. St. Ex. 3 at 8.) Diamantopoulos sustained a herniated disk as a result of the accident, which has caused him to experience chronic lower back pain. (*Id.* at 10.) Diamantopoulos's medical bills relating to the accident amounted to $46,566.24. (*Id.* at 13.)

1

At the time of the accident, Diamantopoulos was driving his father's car, which was insured by American Family. (Def. St. ¶ 10.) Diamantopoulos filed a medical damage claim with American Family, of which he received only $603.80. (Def. St." ¶ 11.) He now sues for the rest.

## II. Standard of Review

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

## III. Analysis

American Family argues that it is entitled to summary judgment on Diamantopoulos's breach of contract claim because Diamantopoulos has failed to file a "direct action" against American Family, as required by the Wisconsin Direct Action Statute.

Direct action statutes provide plaintiffs in injury cases with a means of recovering from the insurers of their tortfeasors directly. *See, e.g.* Wis. Stat. § 632.24. Injured parties can generally bring actions against the insurance companies alone, without even naming the tortfeasors in their complaints. The insurer's liability is derivative, however, and the insurer is not liable unless the insured is liable. *Hunt v. Dollar*, 224 Wis. 48, 271 N.W. 405 (1937).

American Family's Motion for Summary Judgment fails to explain how the Wisconsin Direct Action Statute bears on its potential liability in this case. Although the Statute might allow Diamantopoulos to sue the insurer of the car that hit him, it certainly does not require him to sue his own insurer in any particular way. Defendant's argument is also puzzling because Diamantopoulos *is* pursuing a direct action against American Family. The Court need only refer Defendant to the case caption above to make that point clear. To the extent that American Family means to argue that the Statute requires Diamantopoulos to sue his insurer *in Wisconsin*, rather than in this jurisdiction, it provides no support for that argument, and the Court is aware of none. Accordingly, the Court will not award summary judgment on the basis of the Wisconsin Direct Action Statute.

American Family next argues that it is entitled to summary judgment on Diamantopoulos's claim for vexatious and unreasonable denial of coverage under the Illinois Insurance Act because there is no evidence that their denial of Diamantopoulos's claim was vexatious or unreasonable. While it is true that the record contains very little information about the nature of American Family's denial of coverage, it does reflect that American Family refused to pay all but $603.80 of Diamantopoulos's medical damage

claim, and that Diamantopoulos had to sue American Family to try to recover the rest. If American Family had presented the Court with some arguably legitimate basis for its denial of coverage, the Court could find that there was a bone fide dispute about Diamantopoulos's coverage, which would preclude any claim for vexatious or unreasonable denial. However, because American Family has failed to provide the Court with any such explanation, the Court cannot award summary judgment on that claim.

## CONCLUSION

For the above reasons, the Court DENIES Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

2/27/12
Dated

Hon. William J. Hibbler
United States District Court

4